UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | CRIMINAL NO. 22-49-BAJ |
| | : | |
| CHRISTOPHER DON BYERLEY | : | |

## AMENDMENTS TO THE PLEA AGREEMENT

The United States Attorney's Office for the Middle District of Louisiana ("the United States") and Christopher Don Byerley ("the defendant") hereby enter into the following Amendments to the original plea agreement.

A.  **THE DEFENDANT'S OBLIGATIONS**

   1.  **Guilty Plea**

The defendant agrees to enter a plea of guilty in Criminal Number 22-49-BAJ to Count One of the Second Superseding Indictment charging possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The defendant understands and agrees that the United States will not move to dismiss this count as indicated in the original plea agreement.

   2.  **Forfeiture**

The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2462(c), the FN Model 509 9mm handgun bearing serial number GKS0239212 identified in the Notice of Forfeiture in the Second Superseding Indictment in Criminal No. 22-49-BAJ. He therefore consents to the entry of an order of forfeiture for such property under the same terms and conditions, and with the same understandings, set

out in Section C(5) of the original plea agreement. Because Counts One and Three in Criminal No. 25-22-BAJ will be dismissed, the defendant withdraws his agreement to forfeit to the United States all property, real and personal, that represents or is traceable to gross proceeds obtained directly or indirectly as a result of the violations charged in those counts.

**B.    UNITED STATES' OBLIGATIONS**

The United States agrees that it will move to dismiss Counts One and Three in Criminal Number 25-22-BAJ. The United States will not prosecute the defendant in the Middle or Western District related to the offenses charged in these Indictments.

**C.    SENTENCING**

**1.    Maximum Statutory Penalties**

The maximum possible penalty on Count One of the Second Superseding Indictment in Criminal Number 22-49-BAJ is a term of imprisonment of 10 years, a fine of up to $250,000, and a term of supervised release of three years.

In addition to the above, the Court must impose a special assessment of $100 on the count which is due at the time of sentencing. The Court may also order restitution.

**2.    Supervised Release**

Supervised release is a period following release from imprisonment during which the defendant's conduct is monitored by the Court and the United States Probation Office and during which the defendant must comply with certain conditions. Supervised release is imposed in addition to a sentence of imprisonment, and a violation of the conditions of supervised release can subject the defendant to imprisonment over and above any period of

imprisonment initially ordered by the Court for a term of up to three years, without credit for any time already served on the term of supervised release.

**3.     Sentencing**

Pursuant to Fed. R. Crim. P. 11(c)(1)(c), the United States and the defendant agree that a term of imprisonment of 115 months is the appropriate disposition of the three cases. The United States reserves the right to present any evidence and information, and to make any argument, to the Court and the United States Probation Office regarding sentencing. Otherwise, except as set forth in this agreement and the supplement to the plea agreement, the United States makes no promises, representations, or agreements regarding sentencing.

**D.     FACTUAL BASIS**

In addition to the stipulated facts in the original plea agreement, the United States and the defendant stipulate to the following facts:

Starting before and continuing from January 4, 2022, through February 16, 2022, in the Middle District of Louisiana and elsewhere, the defendant, CHRISTOPHER DON BYERLEY, possessed a firearm, that is a FN Model 509 9mm pistol bearing serial number GKS0239212 knowing that he was a prior convicted felon and prohibited from lawfully possessing firearms under federal and state law.

BATF has determined that the FN Model 509 9mm handgun can accept high-capacity magazines and can expel a projectile by means of an explosive force and is therefore, a firearm as defined by federal law. The FN Model 509 was manufactured outside the State of Louisiana and therefore had, at some time, travelled in and affected interstate commerce.

The defendant admits that, to the best of his knowledge and belief, the stipulated statement of facts is true and correct in all respects. The United States and the defendant agree that, had this matter gone to trial, the United States could have proved such facts. The United States and the

defendant further agree that such facts are sufficient to support conviction of the offenses to which the defendant has agreed to plead guilty. The defendant understands that, by the terms of USSG § 6B1.4, the Court is not limited by the stipulated facts for purposes of sentencing. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation and any other relevant information.

### E. BREACH AND ITS CONSEQUENCES

#### 1. Conduct Constituting Breach

In addition to the actions listed in Section E(1) of the original plea agreement, any of the following actions by the defendant constitutes a material breach of this agreement:

    a.    failing to plead guilty to Count One of the Second Superseding Indictment in Criminal Number 22-49-BAJ, at re-arraignment.

    b.    representing, directly or through counsel, to the United States or the Court that he will not plead guilty to Count One of the Second Superseding Indictment in Criminal Number 22-49-BAJ.

The United States and the defendant agree that this amendment to the plea agreement, and any actions taken by the parties to effectuate it, do not constitute a breach of the original plea agreement.

### G. EFFECT OF AGREEMENT

#### 1. Effective Date

This amending agreement is not binding on any party until it is signed by the defendant, defendant's counsel, and an attorney for the United States. Once signed by the defendant, his counsel, and an attorney for the United States, this amending agreement is binding on the defendant and the United States.

### 2. Effect on Other Agreements

This amending agreement merely supplements and amends the original plea agreement and supplement, which remain in full force and effect except as amended herein.

### H. REPRESENTATIONS AND SIGNATURES

#### 1. By The Defendant

I, Christopher Don Byerley, have read this amendment to my original plea agreement and have discussed it with my attorney. I fully understand this amendment and enter into it knowingly, voluntarily, and without reservation. I have not been threatened, intimidated, pressured, or coerced in any manner. I am not under the influence of any substance or circumstance that could impede my ability to understand the agreement and its consequences.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made, agreed to, or imposed by the United States in connection with my decision to plead guilty except those set forth in the original agreement, the supplement to the original plea agreement, and this amendment.

I acknowledge that no promises or assurances have been made to me by anyone as to what my sentence will be. I understand that representations by my attorney (or anyone else) regarding application of the Sentencing Guidelines and/or my possible sentence are merely estimates and are not binding on the Court.

I have read the Indictment and discussed it with my attorney. I fully understand the nature of the charges, including the elements.

I have accepted this amendment to the plea agreement and agreed to plead guilty because I am in fact guilty of Count One of the Second Superseding Indictment in Criminal Number 22-49-BAJ.

I am satisfied with the legal services provided by my attorney and have no objection to the legal representation I have received.

_____    DATE: 10-1-25
Christopher Don Byerley
Defendant

    **2.**    **By Defense Counsel**

I have read the Second Superseding Indictment in Criminal No. 22-49-BAJ and this amendment to the original plea agreement and have discussed both with my client, Christopher Don Byerley, who is the defendant in this matter. I am satisfied that the defendant understands this amending agreement and the charges against him, including the elements. I am also satisfied that the defendant is entering into this amendment knowingly and voluntarily. This amending agreement, together with the original plea agreement and any supplement, accurately and completely sets forth the entire agreement between the defendant and the United States.

_____    DATE: 10/1/25
David Rozas
Eric H. Hayes
Counsel for Defendant

**By the United States**

We accept and agree to this amendment to the original plea agreement on behalf of the United States. This amendment, together with the original plea agreement and any supplement to the plea agreement, accurately and completely sets forth the entire agreement between the defendant and the United States.

_____    DATE: 10/2/25
Ellison C. Travis
Acting United States Attorney
Middle District of Louisiana

_____    DATE: 10-02-2025
Lyman E. Thornton III
Assistant United States Attorney
Middle District of Louisiana

_____    DATE: 10-14-25
Mary Patricia Jones
Assistant United States Attorney
Middle District of Louisiana