# UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | § | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | § | |
| | § | Case Number: **3:22-CR-00049-BAJ-SDJ(1)** |
| | § | **3:24-CR-00076-BAJ-RLB(2)** |
| **CHRISTOPHER DON BYERLEY** | § | USM Number: **13923-510** |
| Date of Original Judgment: 11/13/2025 | § | **David Rozas** |
| Reason for Amendment: | § | Defendant's Attorney |

☐ Correction of sentence on remand (18 U.S.C. 3742(f)(1) and (2))
☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Reduction of Sentence for Changed Circumstances (Fed.R.Crim.P.35(b))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Correction of Sentence by Sentencing Court (Fed.R.Crim.P.35(a))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) top the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☒ Correction of Sentence for Clerical Mistake (Fed.R.Crim.P.36)
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

| ☒ | pleaded guilty to count(s) | One and three of the Indictment in Docket No. 22-49-BAJ-SDJ-1 and counts one and three of the Indictment in Docket No. 24-76-BAJ-RLB-2. |
|---|---|---|
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| Docket No. 22-49-BAJ-SDJ-1 | | |
| 18:922(g)(1) / Possession of a Firearm by a Convicted Felon | 02/16/2022 | 1 |
| 26:5841, 5861(d), and 5871 / Possession of an Unregistered Silencer | 02/16/2022 | 3 |
| Docket No. 24-76-BAJ-RLB-2 | | |
| 18:371, 511, 2312 and 1029(a)(3) / Conspiracy to Transport a Stolen Motor Vehicle in Interstate Commerce, Tamper with Alter, Remove and Obliterate Vehicle Identification Numbers and Knowingly and with Intent to Defraud, Possess 15 or More Unauthorized Access Devices Affecting Interstate Commerce | 03/31/2022 | 1 |
| 18:2312 and 2 / Interstate Transportation of a Stolen Motor Vehicle | 01/15/2022 | 3 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☒ Count two and four in Docket No. 22-49-BAJ-SDJ-1 and count two in Docket No. 24-76-BAJ-RLB-2 are dismissed on the motion of the United States

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case											Judgment -- Page 2 of 8

DEFENDANT: CHRISTOPHER DON BYERLEY
CASE NUMBER: 3:22-CR-00049-BAJ-SDJ(1) and 3:24-CR-00076-BAJ-RLB(2)

      It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 13, 2025
Date of Imposition of Judgment

*/s/ Brian A. Jackson*
Signature of Judge

**BRIAN A. JACKSON**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

November 25, 2025
Date

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case                                                    Judgment -- Page 3 of 8

DEFENDANT:           CHRISTOPHER DON BYERLEY
CASE NUMBER:    3:22-CR-00049-BAJ-SDJ(1) and 3:24-CR-00076-BAJ-RLB(2)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**115 months** on counts one and three in docket no. 22-49-BAJ-SDJ-1, 115 months on count three in docket no. 24-76-BAJ-RLB-2, and 60 months on count one in docket no. 24-76-BAJ-RLB-2, to run concurrently, for a total term of 115 months imprisonment.

- [x] The court makes the following recommendations to the Bureau of Prisons:
    It is recommended to the Bureau of Prisons that the defendant be housed in a facility capable of providing him with substance abuse treatment, cognitive behavioral treatment, mental health treatment, and educational and vocational training. It is also recommended the defendant be housed in a facility close to his family in Louisiana, specifically FCI Yazoo City or FPC in Pensacola, Florida. The Court further recommends the defendant for the Residential Drug Treatment Program (RDAP).

- [x] The defendant is remanded to the custody of the United States Marshal.
- [ ] The defendant shall surrender to the United States Marshal for this district:

    - [ ] at ____   - [ ] a.m.   - [ ] p.m.   on ____

    - [ ] as notified by the United States Marshal.

- [ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    - [ ] before 2 p.m. on
    - [ ] as notified by the United States Marshal.
    - [ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

   Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case                                      Judgment -- Page 4 of 8

DEFENDANT:        CHRISTOPHER DON BYERLEY
CASE NUMBER:      3:22-CR-00049-BAJ-SDJ(1) and 3:24-CR-00076-BAJ-RLB(2)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**3 years,** per count, to run concurrently, for a total of three years.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☒ You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case                                                      Judgment -- Page 5 of 8

DEFENDANT:         CHRISTOPHER DON BYERLEY
CASE NUMBER:       3:22-CR-00049-BAJ-SDJ(1) and 3:24-CR-00076-BAJ-RLB(2)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, or if placed on probation, within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that the probation officer observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as the position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12 If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case                                                                                       Judgment -- Page 6 of 8

DEFENDANT:          CHRISTOPHER DON BYERLEY
CASE NUMBER:        3:22-CR-00049-BAJ-SDJ(1) and 3:24-CR-00076-BAJ-RLB(2)

# SPECIAL CONDITIONS OF SUPERVISION

You must participate in a substance abuse assessment and/or treatment program. While participating in the program, you must follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the substance abuse assessment and/or treatment program, to the extent he/she is financially able to pay. The U.S. Probation Office must determine your ability to pay and any schedule for payment, subject to the Court's review upon request.

You must submit to substance abuse testing to determine if you have used a prohibited substance. You must assist in the cost of the testing, as approved by the probation officer. You must not attempt to obstruct or tamper with the testing methods.

You must participate in a cognitive-behavioral treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). Such programs may include group sessions led by a counselor or participation in a program administered by the probation office. You must pay the costs of the cognitive-behavioral treatment program, to the extent he/she is financially able to pay. The U.S. Probation Office must determine your ability to pay and any schedule for payment, subject to the Court's review upon request.

You must participate in a vocational services program and follow the rules and regulations of that program. Such a program may include job readiness training and skills development training. You must pay the costs of the vocational services program, to the extent you are financially able to pay. The U.S. Probation Office must determine your ability to pay and any schedule for payment, subject to the Court's review upon request.

You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

You must not incur new credit charges, or open additional lines of credit, without the approval of the probation officer.

If the judgment imposes a financial penalty, you must pay the financial penalty in accordance with the Schedule of Payments sheet of the judgment. You must also notify the court, through the probation officer, of any changes in economic circumstances that might affect the ability to pay this financial penalty.

You must submit his/her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

You must participate in a domestic violence assessment and/or treatment program. While participating in the program, you must follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case                                      Judgment -- Page 7 of 8

DEFENDANT:          CHRISTOPHER DON BYERLEY
CASE NUMBER:    3:22-CR-00049-BAJ-SDJ(1) and 3:24-CR-00076-BAJ-RLB(2)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Restitution  | Fine   | AVAA Assessment* | JVTA Assessment** |
|--------|------------|--------------|--------|------------------|-------------------|
| TOTALS | $400.00    | $127,000.00  | Waived | N/A              | N/A               |

☐ The determination of restitution is deferred until    An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

Restitution of **$127,000.00** to:

| Victim | Restitution |
|--------|-------------|
| CF - Address on file with the U.S Attorney's Office | $2,500 |
| GL - Address on file with the U.S Attorney's Office | $32,000 |
| JE - Address on file with the U.S Attorney's Office | $20,000 |
| CKF - Address on file with the U.S Attorney's Office | $10,000 |
| PS and ES - Address on file with the U.S Attorney's Office | $17,500 |
| KS - Address on file with the U.S Attorney's Office | $45,000 |

This case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution due.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☒ the interest requirement is waived for the    ☐ fine    ☒ restitution
    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

*Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case                                            Judgment -- Page 8 of 8

DEFENDANT:        CHRISTOPHER DON BYERLEY
CASE NUMBER:   3:22-CR-00049-BAJ-SDJ(1) and 3:24-CR-00076-BAJ-RLB(2)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payments of $ _____ due immediately, balance due

   ☐ not later than _____ , or

   ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☒ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:
   **It is ordered that the Defendant shall pay to the United States a special assessment of $400.00, which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court.**

   **The restitution shall be due immediately, but nonpayment is not a violation of supervision so long as the defendant makes the required monthly payments during supervision. Upon release from incarceration, any unpaid restitution balance shall be paid at a monthly rate to be determined by the Court. Such payments shall begin within 60 days after release from imprisonment.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several
   See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

   ☐ Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
   Pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2462(c), the defendant shall forfeit to the United States, any firearm involved or used in the commission of the offense including, but not limited to, an FN Model 509, 9mm pistol, bearing serial number GKS0239212, approximately 296 rounds of 9mm ammunition, and an unregistered silencer.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.